IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARISSA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERATED CAPITAL CORPORATION d/b/a FEDERATED FINANCIAL CORPORATION OF AMERICA, and JULIA A. PETERSON,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON SUMMARY JUDGMENT<br><br><br>Case No. 2:14-CV-9 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. In its response to Plaintiff's Motion, Defendant Federated Capital Corporation requests judgment in its favor pursuant to Federal Rule of Civil Procedure 56(f). For the reasons discussed below, the Court will enter judgment in favor of Defendant on Plaintiff's claims under the Fair Debt Collection Practices Act and will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

I.  BACKGROUND

In February 2006, Plaintiff, on behalf of Brown Boys Storage, applied for and was approved for an Advanta credit card. In October 2006, her account was closed due to insufficient payment. In May 2007, Advanta assigned Plaintiff's account to Defendant. Defendant brought a collection action against Plaintiff in Utah State Court on June 8, 2012, and obtained a default judgment against her.

1

Plaintiff brought this suit in the United States District Court for Southern District of Texas on September 24, 2012. Plaintiff asserts claims against Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Texas Collection Practices Act, and the Texas Deceptive Trade Practices Act.[1] Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692i, which provides that a debt collector must sue a consumer on a debt in either the judicial district in which the consumer signed the contract or in which the consumer resides. Plaintiff further alleges that Defendant violated the FDCPA by threatening to sue and bringing suit on a time barred debt.

Plaintiff filed her Motion for Partial Summary Judgment on July 18, 2013. Defendant responded on August 8, 2013. In Defendant's response, Defendant requested judgment in its favor pursuant to Federal Rule of Civil Procedure 56(f). Plaintiff filed her reply on August 20, 2013, and Defendant filed a surreply on September 20, 2013. This matter was transferred to this Court on January 6, 2014.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence

---

[1] Plaintiff has also named Julia A. Peterson as a Defendant. However, Plaintiff has since dismissed her claims against Defendant Peterson. *See* Docket No. 52.

[2] Fed. R. Civ. P. 56(a).

presented.[3] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

Rule 56(f) provides:

After giving notice and a reasonable time to respond, the court may:
(1) grant summary judgment for a nonmovant;
(2) grant the motion on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

## III. DISCUSSION

The parties both seek judgment in their favor. Plaintiff argues that she is a "consumer" and that Defendant is a "debt collector" for purposes of the FDCPA. Plaintiff further asserts that Defendant violated the FDCPA by bringing suit in Utah and by collecting on a time barred debt. Defendant, in turn, argues that Plaintiff is not a consumer because the debt at issue was a business debt. Defendant further argues that it is not a debt collector under the FDCPA because it only collects business debts. Defendant also argues that, assuming the FDCPA applies, it has not violated that statute. The Court agrees that Plaintiff has failed to show that Defendant is a debt collector under the FDCPA. Therefore, the Court will grant Defendant's request for summary judgment.

The FDCPA prohibits certain practices by debt collectors. The Act defines debt collectors, in pertinent part, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

---

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

owed or due another."[5] The term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[6] The Act, by its plain language, distinguishes between consumer debts—debts that are primarily for personal, family, or household purposes—and commercial or business debts.[7]

Defendant argues that it only purchases and collects on business-related debts and does not purchase or collect on consumer-related debts. As a result, Defendant argues that its principal purpose is not the collection of debts as defined by the FDCPA. In support of this contention, Defendant has provided the Affidavit of Patrick David, who is employed by Defendant as Portfolio Services Manager.[8] Among other things, Mr. David states that "Federated only purchases and collects on business and/or business debt. They do not purchase or collect on consumer debt."[9]

In support of her Motion for Partial Summary Judgment, Plaintiff argues that "Defendant is a 'debt collector' under the FDCPA, because the Defendant uses 'instrumentalities of interstate

---

[5] 15 U.S.C. § 1692a(6).

[6] *Id.* § 1692a(5).

[7] *See First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135–36 (5th Cir. 1995) (district court properly dismissed guarantor's FDCPA claims because guaranty was of debts arising out of a commercial transaction); *see also Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir. 2006) ("[A]ctions arising out of commercial debts are not covered by the protective provisions of the FDCPA.").

[8] Docket No. 34 Ex. A. Plaintiff objects to Mr. David's Affidavit on the grounds that it contains hearsay and hearsay within hearsay. However, the Court can find nothing objectionable about that portion of the Affidavit upon which it relies.

[9] *Id.*

commerce and the mail in their businesses, the principal purpose of which is the collection of debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'"[10] Plaintiff argues that Defendant does not fall within an exclusion to the term "debt collector" because it purchased Plaintiff's debt after it was in default. However, Plaintiff does not provide any evidence suggesting that the collection of debts is Defendant's "principal purpose" or that Defendant "regularly" engages in debt collection.

"The FDCPA establishes two alternative predicates for 'debt collector status': 1) engaging in debt collection as the 'principal purpose' of the entity's business; or 2) engaging in debt collection 'regularly.'"[11] Plaintiff bears the burden of proving Defendant's debt collector status.[12]

There is no evidence that the principal purpose of Defendant's business is debt collection. Plaintiff has provided screenshots from Defendant's website, which describes some of the activities of Defendant. For instance, the website states that Defendant "[i]nstalled hundreds of miles of fiber optic cable" and "[p]rovided cutting edge technology to allow remote sales and service employees to process application information."[13] Defendant also states that it "[g]enerated credit card processing," "[p]rovided financing for commercial and residential security systems," "[c]reated a national employee leasing program," and "[p]rovided and

---

[10] Docket No. 29, at 7 (quoting 15 U.S.C. § 1692a(6)).

[11] *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013) (quoting *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004); 15 U.S.C. § 1692a(6)).

[12] *Goldstein*, 374 F.3d at 60.

[13] Docket No. 29 Ex. H.

managed commercial and residential services for Michigan based companies."[14] Granted, there is information on the website that Defendant engages in collection activities. For instance, Defendant states that it "[p]urchased over $250 million of charged off debt" and serviced banks and companies with "outsourced collections management."[15] However, based on the evidence presented the Court cannot conclude that the principal purpose of Defendant's business is debt collection.

The Court must next consider whether Defendant regularly engages in debt collection. There is evidence from Defendant's website that it engages in collection activities. However, the Court must determine whether those collection activities concern "debt" as defined by the FDCPA. The only evidence on this point comes from the Affidavit of Patrick David. As discussed, Mr. David specifically states that Defendant does not purchase and collect on consumer debt. As stated, the term "debt" as it is used in the FDCPA is limited to debts that "are primarily for personal, family, or household purposes." Because Defendant does not purchase and/or collect on this type of debt, there is no evidence that Defendant regularly collects debt, as that term is defined by the FDCPA. Even if Plaintiff could demonstrate that the debt at issue falls within the definition of "debt" under the statute, there is no evidence that Defendant regularly collects such debt. Therefore, Plaintiff has failed to meet her burden of proving that Defendant is a debt collector for purposes of the FDCPA.

---

[14] *Id.*

[15] *Id.*

Having determined that summary judgment in favor of Defendant is appropriate on Plaintiff's FDCPA claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.[16] Therefore, those claims will be dismissed without prejudice.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 29) is DENIED. It is further

ORDERED that Defendant's request for judgment (Docket No. 34) is GRANTED as set forth above.

The hearing set for March 10, 2014, is STRICKEN.

The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff on Plaintiff's FDCPA claims and close this case forthwith.

DATED this 4th day of February, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

---

[16] 28 U.S.C. § 1367(c).